ROBERT DAVID BAKER, INC.
Robert David Baker Esq. (87314)
80 South White Road
San Jose, CA 95127
Telephone: (408) 251-3400
Facsimile: (408) 251-3401
rbaker@rdblaw.net

Attorneys for Plaintiff
DOROTHY BORDE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOROTHY BORDE,<br><br>Plaintiff,<br><br>vs.<br><br>BURGER KING CORPORATION;<br>SOUTH BAY FAST FOODS, INC.; ELIAS VELAZCO,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |

Plaintiff, DOROTHY BORDE, alleges:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 29 U.S.C. § 1331 and the doctrines of pendent and supplemental jurisdiction. This division is the proper division as the acts complained of occurred in Santa Clara County, California;

2. Defendant BURGER KING CORPORATION (hereinafter referred to as "Burger King") is a corporation duly organized and doing business under the laws of the State of California and in the County of Santa Clara, and is a subject to suit pursuant to Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-2, et seq. ("Title VII), and the California Fair Employment and Housing Act, Government Code section 12900, et seq. (hereinafter "FEHA"), in that Defendant is an employer who regularly employs fifteen or more persons within the meaning of Title VII and FEHA;

3. Defendant SOUTH BAY FAST FOODS (hereinafter referred to as "South Bay") is a corporation duly organized and doing business under the laws of the State of California and in the County of Santa Clara, and is subject to suit pursuant to Title VII and FEHA, in that Defendant is an employer who regularly employs fifteen or more persons within the meaning of these statutes;

4. Defendant ELIAS VELAZCO, (hereinafter referred to as "Velazco") at all times herein alleged, was a resident of the County of Santa Clara and managerial agent and employee of South Bay and Burger King Corporation (collectively "Burger King");

5. At all times alleged, each of the individual Defendants mentioned herein were the agents and employees of Burger King, in doing the things herein alleged, and were acting within the course and scope of such agency and employment. The actions of the individuals were authorized, approved, and ratified by Burger King;

6. The unlawful employment practices alleged herein occurred in the County of Santa Clara, State of California, and said County is the place Plaintiff would have continued to work if said unlawful practices had not occurred. Injury to Plaintiff occurred in Santa Clara County, California. Plaintiff's employment with Defendant was to have been performed in Santa Clara County, California;

7. Plaintiff is an adult female;

8. Plaintiff is a member of a protected group. i.e., females, which the Title VII and FEHA protect against employment discrimination, specifically a hostile work environment based on sex;

9. At all times alleged herein Plaintiff was an employee of Burger King;

10. Plaintiff was hired by Burger King in December 2013;

11. Velazco, at all times was a managerial employee of Burger King;

## STATEMENT OF MATERIAL FACTS

12. During the course of her employment with Burger King, Velazco subjected Plaintiff to unwelcome conduct of a sexual nature;

13. Plaintiff worked for Burger Kinge as a cashier. In approximately December 2015, Velazco, the assistant manager at Burger King began asking Plaintiff out on dates, to go to the sauna, and to do other intimate activities with him. Plaintiff told Velazco that she was not interested. Velazco persisted, and when Plaintiff would decline him, Velazco would stop for a while, but he then would continue his conduct. For instance, when Plaintiff worked the drive-in and bent out of the window to give food to customers, Velazco would say, "That's the way I like it." Velazco would become close proximately to Plaintiff, making Plaintiff nervous and she would walk away. Sometimes when Plaintiff would walk away from Velazco, he would follow her and work closely beside her and make inappropriate comments to her such as, "I want to 'F' you" or "I want to kiss you." This unwelcome conduct occurred on an almost daily basis. Plaintiff would push Velazco away or tell him that he was "gross." Velazco would just laugh. Plaintiff told Velazco that she had a boyfriend. Velazco told Plaintiff that they could rent a room together and their respective boyfriend/girlfriend would never know. In approximately June 2016, when Velazco's daughter came to visit Burger King, Velazco told her that Plaintiff was her step-mom. The situation became so bad that Plaintiff's sister would pick Plaintiff up from work to make sure that everything was okay. On more than five occasions, Velazco told Plaintiff that he wanted to have sex with her and make her feel good. Plaintiff reported this to the assistant manager, Emma, and Emma told Plaintiff that Velazco was not supposed to make such comments and that she would protect Plaintiff. At times, Emma would stand between Velazco and Plaintiff and tell Velazco to leave Plaintiff alone. Plaintiff reported to Emma that Velazco had told her that he wanted to "F" her and that she did not feel comfortable with Velazco. The environment at the Burger King location was filled with sexual jokes, sexual innuendos, and explicit sexual talk, that Plaintiff did not believe that her complaints to Emma were effective. In approximately July/August 2016, Plaintiff was washing dishes when Velazco put his hands around her waist. Plaintiff told Velazco not to touch her. This occurred approximately ten times.

Velazco would put a headset on when Plaintiff was wearing one and say inappropriate things to Plaintiff through the headset. On one occasion, Velazco smacked Plaintiff on her butt. Other coworkers who witnessed this act were laughing. On or about September 4, 2016, the general manager of the Burger King location, Veronica, in the presence of Plaintiff, referred to Velazco as Plaintiff's boyfriend. At that time, Plaintiff finally understood that management was not going to correct the sexual harassment hostile environment created by Velazco, and Plaintiff was compelled to leave her employment at Burger King;

14. On September 8, 2016, Plaintiff filed a complaint with the Department of Fair Employment and Housing. The matter was referred to the EEOC. On September 7, 2017, the EEOC terminated its processing of Plaintiff's charge because more than 180 days had passed since the filing of the charge.

## FIRST CAUSE OF ACTION

**(Sexual Harassment - Hostile Environment - Under Title VII and FEHA)**
**(As to All Defendants)**

15. Plaintiff incorporates those paragraphs 1-14 as if set forth hereinafter in their entirety;

16. The conduct of Velazco was unwelcome;

17. The unwelcome conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment, and did alter the conditions of Plaintiff's employment because she was scared and nervous, and it created a hostile and abusive working environment leading Plaintiff to resign;

18. As a proximate result of the conduct of Defendants, Plaintiff has suffered severe emotional distress, and will continue to suffer severe emotional distress;

19. As a proximate result of the conduct of Defendants, Plaintiff has suffered wage and benefit loss, and will continue to suffer future wage and benefit loss;

20. The conduct of Defendants was willful, malicious, oppressive, fraudulent, despicable and committed with deliberate indifference to the rights and safety of Plaintiff. As such, Plaintiff is entitled to an award of punitive damages.

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

## SECOND CAUSE OF ACTION
### (Failure to Prevent and Remedy Sexual Harassment – Title VII, FEHA)
### (As To Burger King Corporation and South Bay Fast Foods, Inc.)

21. Plaintiff incorporates those paragraphs 1-20 as if set forth hereinafter in their entirety;

22. Plaintiff protested the unlawful harassment to her managers as early as December 2015;

23. Defendants failed to take all reasonable steps necessary to prevent the unlawful hostile environment created by Velazco;

24. As a proximate result of Defendants' failure to prevent the sexual harassment, Plaintiff has suffered wage and benefit loss, and will continue to suffer future wage and benefit loss;

25. As a proximate result of Defendants' failure to prevent the sexual harassment, Plaintiff has suffered severe emotional distress and continues, and will continue to suffer severe emotional distress;

26. The conduct of Defendants was willful, intentional, oppressive, despicable, and done without regard for the rights and safety of Plaintiff. Therefore, Plaintiff requests an award of exemplary damages to prevent such future conduct toward others;

THEREFORE, PLAINTIFF PRAYS FOR DAMAGES AS SET FORTH HEREINAFTER.

### PRAYER FOR RELIEF

1. For general and compensatory damages according to proof;
2. For special damages according to proof;
3. For exemplary damages;
4. For attorney fees for the First and Second Causes of Action according to proof;
4. For costs of suit;
5. For prejudgment interest;
6. For such other and further relief as this court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES.**

Dated: November 17, 2017          ROBERT DAVID BAKER, INC.

                                  _____/S/_____
                                  Robert David Baker, Esq.
                                  Attorney for Plaintiff